■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MOISES ORTIZ and FRANCISCO VEGA, Appellants.— Appeal by defendants from a judgment of the Supreme Court, Kings County, entered May 28, 1964, upon their pleas of guilty, convicting them of manslaughter in the second degree, and imposing sentence. Judgment affirmed. We find the sentences as to either defendant not to be excessive. The defendant Vega was afforded his full rights in regard to the voluntariness of his plea of guilty as demonstrated by the minutes of sentencing. The other contentions of the appellants cannot be considered on this appeal. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOMINICK SABELLA, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered December 11, 1964 after a jury trial, convicting him of robbery and grand larceny (both in the first degree) and burglary and assault (both in the second degree), and imposing sentence upon him as a second felony offender. Judgment reversed on the law and on the facts and a new trial ordered. Defendant was convicted on the testimony of the victim that the crimes were committed and upon his own admissions that he was involved in their commission to the extent that he drove the car for the two actual robbers. The testimony of the victim was sufficient corroboration of the oral admissions made by the defendant (Code Crim. Pro., § 395; *People* v. *Taleisnik,* 225 N. Y. 489; *People* v. *Watford,* 19 A D 2d 731). At a previous trial the jury failed to arrive at a verdict with respect to the appellant. This second trial culminated in the judgment appealed from. At this trial police officer Friend testified that Sabella made his admissions orally on the afternoon of January 16, 1964. On the cross-examination of this officer defense counsel requested the Grand Jury minutes and, before he could begin questioning thereon, the prosecutor asked for a conference at the Bench which was put on the record. The prosecutor stated that he anticipated that the defense was going to show that Friend testified before the Grand Jury to admissions made on the 17th of January which were reduced to writing; no mention was made to that body of oral admissions made on January 16. The prosecutor's dilemma, as he stated, was that the written statement of the 17th was inadmissible; he claimed that, if cross-examination on this matter were permitted, he would have to try to explain Friend's varying testimony and in so doing he would be forced to advert to the written statement and thereby create prejudicial error. On this basis the court ruled that the defense could not cross-examine into this aspect. Manifestly, this was error. Appellant was denied a fair trial in this curtailment of cross-examination since he could not get before the jury the possible inconsistencies in Friend's testimony concerning appellant's alleged admissions. A new trial must be afforded this appellant. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.